UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individual and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>CLOUD BASED PERSONAL LOAN LOCATOR, INC. d/b/a PERSONAL LOANS NOW, and DOES 1-10 INCLUSIVE,<br><br>         Defendants. | Case No.: 23cv0748 DMS (DEB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

  This case comes before the Court on Defendant's motion to dismiss. Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons discussed below, the motion is denied.

**I.**

**BACKGROUND**

  Plaintiff Thane Charman alleges that starting on May 4, 2020, Defendant Cloud Based Personal Loan Locator, Inc. began sending unsolicited text messages to his phone even though Plaintiff's phone number was on the Do-Not-Call Registry. (Am. Compl. ¶¶ 38-39.) As a result of those messages, Plaintiff, on behalf of himself and all others

similarly situated, filed the present case alleging Defendant violated the Telephone Consumer Protection Act ("TCPA").

After a telephonic status conference with the Court, Plaintiff filed an Amended Complaint. In response, Defendant filed the present motion.

## II.

## DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint for lack of standing under Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**A.     Standing**

Supreme Court "cases have established that the 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560-61). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)). When a case is at the pleading stage, "the plaintiff must 'clearly … allege facts demonstrating' each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

To satisfy the first element, the plaintiff must establish that they "suffered 'an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical.'" *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017) (quoting *Spokeo*, 578 U.S. at 339) (quotation marks omitted). Under the TCPA, this element is met if the plaintiff can show they were subjected to unsolicited telemarketing phone calls or text messages, which "by their nature, invade the privacy and disturb the solitude of their recipients." *Id.* at 1043. Plaintiff has satisfied this element here. (*See* Am. Compl. ¶ 39 ("Plaintiff received at least one (1) unauthorized

automated text messages [sic] ('the text messages') to his personal cell phone ending in 619 3X0-X1X9 from Defendant soliciting their goods and services starting on May 4, 2020.")

Turning to the second element, Defendant argues Plaintiff cannot meet it because Defendant did not send the offending text message to Plaintiff's phone.  In support of this argument, Defendant relies on the Declaration of its President and CEO, who states Defendant "never contacted Plaintiff, by text or by any other method of communication." (Decl. of Joe Delfgauw in Supp. of Mot. ("Delfgauw Decl.") ¶¶ 4-11.)  The Court cannot consider this argument here, however, because it is inextricable from the merits of Plaintiff's claim.  *See Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008) (stating court may not determine jurisdiction on motion to dismiss under Rule 12(b)(1) if "the jurisdictional issue is inextricable from the merits of a case"); *see also Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987) ("A district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, *if the jurisdictional facts are not intertwined with the merits*.") (emphasis added).  Specifically, whether Defendant sent the text message to Plaintiff's phone is the first element of Plaintiff's claim under the TCPA.  *See Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)) (stating first element of TCPA claim is whether "the defendant called a cellular telephone number").  In light of this overlap, Defendant is not entitled to dismissal of Plaintiff's case based on a lack of standing.[1]

/ / /

/ / /

---

[1] Defendant relies on the causation prong of the standing analysis to argue Plaintiff has also failed to meet the redressability prong.  Because the Court declines to consider the merits of Defendant's causation argument here, the Court likewise declines to address Defendant's redressability argument.

B.   **Federal Rule of Civil Procedure 12(b)(6)**

Turning to Rule 12(b)(6), Defendant argues Plaintiff's case should be dismissed because Plaintiff has failed to provide "*any*" factual basis for his claim.  (Mem. of P. & A. in Supp. of Mot. at 12.)  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).  In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth."  *Id.* at 680.  It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief."  *Id.* at 681.

Here, Plaintiff alleges one claim under the TCPA.  "The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent."  *Meyer*, 707 F.3d at 1043 (citing 47 U.S.C. § 227(b)(1)).  In the Amended Complaint, Plaintiff alleges he "received at least one (1) unauthorized automated text messages [sic] ('the text messages') to his personal cell phone ending in 619 3X0-X1X9 from Defendant soliciting their goods and services starting on May 4, 2020."  (Am. Compl. ¶ 39.)  He also alleges Defendant's text message(s) were "generated and sent using an ATDS[,]" (*id.* ¶ 47), based on the style and format of the text message, (*see id.* ¶ 49) (describing features of the text message), and that he "did not give Defendant his prior express written consent to receive the text messages."  (*Id.* ¶ 46.)

1   Defendant argues these allegations are simply "labels and conclusions," (Mem. of P. & A. in Supp. of Mot. at 12), but the Court disagrees.  They are factual allegations, which the Court must accept as true on the present motion.  *Schwake v. Arizona Bd. of Regents*, 967 F.3d 940, 946 (9th Cir. 2020) (citing *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008)) (stating court must "accept as true all well-pleaded factual allegations and construe them in the light most favorable to the non-moving party.")  Defendant also fails to address any of the factual details about the text message Plaintiff received, which raise a reasonable inference that an ATDS was used, and support the facial plausibility of Plaintiff's claim.  Construing the allegations in Plaintiff's favor, he has alleged sufficient facts to support his claim against Defendant.

## III.
## CONCLUSION AND ORDER

For the reasons set out above, the Court denies Defendant's motion to dismiss.

**IT IS SO ORDERED**.

Dated:  January 22, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court